UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

State of Wisconsin,
    Plaintiff,
v.
Dr. Natalie R. Peters,
    Defendant–Petitioner.

Case No. _____

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING AND PRESERVATION ORDER** (All Writs Act, 28 U.S.C. § 1651(a))

Dr. Natalie R. Peters, appearing pro se, respectfully moves this Court for entry of an emergency temporary restraining and preservation order pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and and the Court's inherent equitable powers, including those recognized under federal injunctive standards. This motion seeks to restrain further state enforcement actions and preserve the status quo pending the Court's review of the Notice of Removal filed on October 22, 2025.

Under 28 U.S.C. § 1455(b)(3), the filing of a notice of removal in a criminal prosecution immediately suspends state court jurisdiction unless and until a federal remand is ordered. Dr. Peters has removed the pending prosecution under 28 U.S.C. §§ 1443(1)–(2), based on violations of her rights under the First, Fourth, Fifth, and Fourteenth Amendments, and related federal statutes. Pursuant to 28 U.S.C. § 1455(b)(3), this Notice of Removal divests the state court of jurisdiction unless and until remanded by this Court.

Since initiating removal, Dr. Peters has been subjected to escalating unlawful conduct by deputies of the Waukesha County Sheriff's Department. This includes unauthorized surveillance, physical trespass onto private property, unlawful search and seizure, and physical assault. On September 22, 2025, officers were recorded peering through the bedroom windows of Dr. Peters's minor children and attempting to access locked exterior doors—without a warrant, consent, or exigent circumstances. These intrusions constitute unreasonable searches under the Fourth Amendment and represent a grave invasion of familial privacy and security. The continued targeting of Dr. Peters's property and children violates well-established constitutional protections, including those recognized in *Stanley v. Illinois*, 405 U.S. 645 (1972), affirming the fundamental liberty interest of parents in the care of their children.

This escalating pattern presents an immediate and continuing threat of irreparable harm—specifically, the risk of further unlawful detention, coercion, and deprivation of rights absent judicial oversight. The prior warrantless seizure of property—specifically, a 2024 Mercedes SUV—without court order, probable cause, or lawful forfeiture proceeding, further illustrates that state actors are proceeding without lawful authority or judicial oversight. Immediate federal protection is required to prevent additional constitutional injury.

Dr. Peters has children, professional obligations, and pending legal matters, all of which are materially impacted by the ongoing threat of unlawful enforcement actions. The pattern of state conduct demonstrates an intent to intimidate and obstruct her access to due process and federal judicial review.

This Court has express authority under the All Writs Act, 28 U.S.C. § 1651(a), to issue all writs necessary or appropriate in aid of its jurisdiction. Where removal has been effected and the Court's jurisdiction is under review, protective measures are appropriate to prevent retaliation, circumvention, or preemptive enforcement that would frustrate federal adjudication.

Dr. Peters satisfies the requirements for emergency injunctive relief. She is likely to succeed on the merits of her removal; she faces imminent and irreparable injury without court intervention; the balance of equities favors maintaining the status quo; and the requested relief serves the public interest by safeguarding constitutional guarantees and ensuring the integrity of these proceedings.

**WHEREFORE**, Dr. Peters respectfully requests that this Court:

1. Enter a temporary restraining and preservation order prohibiting any state or local agency, including the Waukesha County Sheriff's Department, from detaining, arresting, surveilling, searching, seizing, or otherwise interfering with Dr. Peters or subject property pending resolution of federal jurisdiction;
2. Direct that no additional proceedings occur in *State of Wisconsin v. Dr. Natalie R. Peters*, Case No. 2025CF001473, until this Court has ruled on the propriety of removal pursuant to 28 U.S.C. § 1455(b)(5);
3. Order the status quo be preserved, including all evidence, records, and property related to the removed prosecution;
4. Set an expedited hearing on this motion if deemed necessary, and
5. Grant such further relief as justice and equity may require.

Respectfully submitted this 22nd day of October, 2025.

/s/ Dr. Natalie R. Peters
Petitioner