# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**             **Case No. 25-CR-208**

**NATALIE R. PETERS**
     **Defendant.**

**In Re:**  **Removal of Waukesha County Circuit Court Case No. 2025CF001473**

---

## ORDER

  Natalie Peters has filed a notice of removal of criminal prosecution pursuant to 28 U.S.C. §§ 1443(1)-(2), 1446, and 1455, seeking to remove the above-referenced case from the Waukesha County Circuit Court to the District Court for the Eastern District of Wisconsin. For the reasons that follow, the matter will be summarily remanded.

## I.

  In the Waukesha County case, Peters is charged with forgery, identity theft, and theft of movable property. The charges relate to Peters's alleged submission of a fraudulent lien release regarding a vehicle the lien holder, US Bank, was attempting to repossess. Peters contends that removal is necessary to prevent ongoing violations of her federally protected constitutional and civil rights. Peters further contends that the notice of removal is timely as it was filed prior to her arraignment on the state charges, and she attaches to the notice copies of the state court complaint, bond forms, and docket sheet, as well as various other documents concerning her contractual dispute with US Bank.

  On the merits, Peters contends that removal is proper because the prosecution was

initiated at the instigation of a private financial institution acting in retaliation for her exercise of rights secured by the First and Fourteenth Amendments. She references her rights to enforce contracts, own property, and be free from retaliation under color of law. Peters also alleges violations, by Waukesha County law enforcement officers, of her Fourth Amendment rights. Finally, she contends that the prosecution arises in retaliation for her exercise of protected rights, including her refusal to waive property rights, her defense of private contract rights, and her objection to coercive custodial conditions.

Peters further contends that law enforcement improperly seized the subject vehicle without a warrant and used unnecessary force despite her full compliance, violating her Fourth, Fifth, and Fourteenth Amendment rights. She alleges a broad pattern of retaliatory conduct and conspiracy between public and private actors, i.e., US Bank and Waukesha County. She contends that removal is warranted under § 1443(1) to safeguard due process and ensure federal oversight where impartial state adjudication is compromised. She further alleges improper, ongoing surveillance and publication of a defamatory news article prior to any conviction. She concludes that the standard for removal is satisfied, as she has demonstrated a pattern of ongoing deprivation of federally guaranteed rights under color of state law.

Peters contends that this court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343(3), and 1343(4), and that removal is proper under §§ 1443(1)-(2), 1446, and 1455. She asks this court to stay all proceedings in the state matter, set a hearing to determine the propriety of removal, enter injunctive relief to prevent further deprivation of her rights, order return of the vehicle, and permit her to file electronically.

## II.

The procedures for removal of a criminal case are set forth in 28 U.S.C. § 1455:

2

(a) . . . A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements.—(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

(2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

(3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

(4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1455.[1]

Section 1455 does not afford criminal defendants with a substantive right to remove their cases from state court. Rather, the statute merely provides procedures that must be followed in order to remove a criminal case from state court when a defendant has the right to do so under another provision, such as 28 U.S.C. § 1443. See United States v. Jones, No. 17-Cr-207-pp, 2017 U.S. Dist. LEXIS 204898, at *4 (E.D. Wis. Dec. 13, 2017).

Section 1443 permits removal of a criminal prosecution:

---

[1]The procedures for removal of civil actions are set forth in 18 U.S.C. § 1446. Since Peters wants to remove a criminal case, § 1446 is inapplicable.

3

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Peters cannot avail herself of either sub-section of the statute. First, § 1443(1) applies only if the right alleged arises under a federal law providing for civil rights based on race. Indiana v. Haws, 131 F.3d 1205, 1209 (7th Cir. 1997); see also Jones, 2017 U.S. Dist. LEXIS 204898, at *6 (citing Georgia v. Rachel, 384 U.S. 780, 792 (1966)). Peters references generally applicable constitutional guarantees, which do not support § 1443(1) removal. See United States v. Leventhal, No. 24-CR-157, 2024 U.S. Dist. LEXIS 147378, at *6 (E.D. Wis. Aug. 19, 2024).

Second, § 1443(2) is available only to federal officers and to persons assisting such officers in the performance of their official duties. City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 814-815 (1966). In other words, "removal under this subsection is limited to federal officers and those acting under them." Id. at 821. Peters does not allege she is such a person. See Leventhal, 2024 U.S. Dist. LEXIS 147378, at *5 n.2.

Because Peters identifies no viable basis for removal, the matter must be remanded. Her motions for return of property, a temporary restraining order, and electronic filing will be denied as moot.[2]

_____

[2]Peters's requests for equitable or injunctive relief would also be blocked by Younger v. Harris, 401 U.S. 37 (1971), which directs federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings, even where a litigant alleges that her federal rights are being violated in the state court proceeding. See Kay

**III.**

**THEREFORE, IT IS ORDERED** that the case is summarily remanded to the Waukesha County Circuit Court.

**IT IS FURTHER ORDERED** that Peters's motions for return of property (R. 2), for a temporary restraining order (R. 3), and to file electronically (R. 4) are denied as moot.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge

---

Xiong Yang v. Wisconsin, No. 24-cv-1200-bhl, 2024 U.S. Dist. LEXIS 187024, at *4-5 (E.D. Wis. Oct. 15, 2024).